IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY A. KOHLER, Administrator Ad Pros of the Estate of MARSADA MAE CONNORS, deceased, and CHRISTINE KURZWEIL, Administrator Ad Pros of the Estate of COLE W. YOUNG, deceased, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No.<br>)<br>) |
| CRST EXPEDITED, INC., d/b/a CRST THE TRANSPORTATION SOLUTIONS, INC., CRST INTEGRATED SOLUTIONS, CRST SPECIALIZED SOLUTIONS, CRST DEDICATED SOLUTIONS-EAST, CRST DEDICATED SOLUTIONS – WEST, CRST EXPEDITED SOLUTIONS, CRST FLATBED, and BILL LARD. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## NOTICE OF REMOVAL

COME NOW Defendants CRST Expedited, Inc. and Bill Lard, and file this Notice of Removal for the above-captioned action from the Circuit Court of Cook County in the State of Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§1332, 1441 and 1446.  As grounds for this removal, Defendants state as follows:

1.  Plaintiffs Kimberly A. Kohler, Administrator Ad Pros of the Estate of Marsada Mae Connors, deceased, and Christine Kurzweil, Administrator Ad Pros of the Estate of Cole W. Young, deceased, filed this lawsuit in the Circuit Court of Cook County, State of Illinois, Cause No. 2021-L-009086.  Plaintiffs filed this action on or about September 10, 2021.

2.  Thereafter, plaintiffs filed a First Amended Complaint at Law on September 14, 2021 alleging claims for wrongful death and survival arising from an August 20, 2021 fatality motor vehicle accident.

3.  The effective date of service relative to Defendants CRST Expedited, Inc. and Bill Lard is September 22, 2021.

4.  Upon information and belief, no other named defendant has been served as of the date of this filing.

5.  Pursuant to 28 U.S.C. §1446(b), "[the] notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."

6.  As this notice is being filed within 30 days after the receipt by, and effective service upon, defendant, and as this notice is being filed within one year of the filing of this action, defendants' Notice of Removal is timely.

7.  Removal in this case is proper, pursuant to 28 U.S.C. §1332, based upon diversity jurisdiction in that: 1) the plaintiffs and the defendants are citizens of different states; 2) the defendants are not citizens of the State of Illinois; and 3) the alleged amount in controversy exceeds $75,000.

### *CITIZENSHIP OF PARTIES*

8.  Diversity jurisdiction under 28 U.S.C. §1332 requires that the plaintiffs be diverse from all properly joined defendants. Plaintiffs are of diverse citizenship from the properly-named defendants.

9.  Upon information and belief, Plaintiff Kimberly A. Kohler is, and at all times relevant herein was, a citizen of the State of New Jersey.

10. Upon information and belief, Plaintiff Christine Kurzweil is, and at all times relevant herein was, a citizen of the State of New Jersey.

11. Defendant CRST Expedited, Inc. is now, and at all times relevant herein was, an Iowa corporation, in good standing, with its headquarters and principal place of business in Cedar Rapids, Iowa, and is not a citizen or resident of the State of Illinois.

12. Defendant Bill Lard is now, and at all times relevant herein was, a citizen and resident of California, and is not a citizen or resident of the State of Illinois.

13. Defendant CRST Integrated Solutions is a fictitious party and, as such, "shall be disregarded" for purposes of determining whether a civil action is removable on the basis of jurisdiction. *See* 28 U.S.C. § 1441(b)(1). Upon information and belief, this defendant has not been served with summons.

14. Defendant CRST Specialisted (sic) Solutions, presumably intended to be named CRST Specialized Solutions, is a fictitious party and, as such, "shall be disregarded" for purposes of determining whether a civil action is removable on the basis of jurisdiction. *See* 28 U.S.C. § 1441(b)(1). Upon information and belief, this defendant has not been served with summons.

15. Defendant CRST Dedicated Solutions-East is a fictitious party and, as such, "shall be disregarded" for purposes of determining whether a civil action is removable on the basis of jurisdiction. *See* 28 U.S.C. § 1441(b)(1). Upon information and belief, this defendant has not been served with summons.

16. Defendant CRST Decicated (sic) Solutions-West, presumably intended to be named CRST Dedicated Solutions-West, is a fictitious party and, as such, "shall be disregarded" for purposes of determining whether a civil action is removable on the basis of jurisdiction.

*See* 28 U.S.C. § 1441(b)(1). Upon information and belief, this defendant has not been served with summons.

17. Defendant CRST Expedited Solutions is a fictitious party and, as such, "shall be disregarded" for purposes of determining whether a civil action is removable on the basis of jurisdiction. *See* 28 U.S.C. § 1441(b)(1). Upon information and belief, this defendant has not been served with summons.

18. Defendant CRST Flatbed is a fictitious party and, as such, "shall be disregarded" for purposes of determining whether a civil action is removable on the basis of jurisdiction. *See* 28 U.S.C. § 1441(b)(1). Upon information and belief, this defendant has not been served with summons.

19. In short, plaintiffs are citizens of the State of New Jersey. Defendant CRST Expedited, Inc. is a citizen of Iowa for purposes of diversity jurisdiction. Defendant Bill Lard is a citizen of California. The remaining defendants are not proper legal entities and, as such, shall be disregarded for purposes of diversity jurisdiction.

### *AMOUNT IN CONTROVERSY*

20. Plaintiffs have pleaded in the ad damnum in their First Amended Complaint at Law an amount in excess of $50,000. However, plaintiffs each have claims for wrongful death and survival arising from the motor vehicle accident that is the subject matter of this lawsuit.

21. As such, the amount in controversy for this lawsuit, exclusive of interest and costs, plainly exceeds the sum or value of $75,000.

22. By virtue of filing this Notice of Removal, Defendants CRST Expedited, Inc. and Bill Lard – the only two defendants served with summons – consent to this removal.

23. This District and Division embrace the place in which the removed action has been pending, pursuant to 28 U.S.C. § 1441(a).

24. A true and correct copy of the First Amended Complaint at Law, together with its accompanying exhibits, effectively served upon Defendants CRST Expedited, Inc. and Bill Lard is filed herewith as Exhibit "A."

WHEREFORE, Defendants CRST Expedited, Inc. and Bill Lard respectfully request that all parties take notice that this action has been removed from the Circuit Court of Cook County, Law Division in accordance with the Federal Rules of Civil Procedure.

**DEFENDANT DEMANDS TRIAL BY JURY.**

/s/ Michael S. Hamlin
Michael S. Hamlin #6281832
NICHOLS LANG & HAMLIN, LLC
Attorneys for Defendants CRST Expedited,
Inc. and Bill Lard
1795 Clarkson Road, Suite 230
Chesterfield, Missouri 63017
(314) 429-1515
(314) 428-9592 (Fax)
mike@nlh-law.com

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been electronically filed via the CM/ECF system on this 29th day of September, 2021. Under penalties of perjury as provided by law, I certify that the statements in this affidavit are true.

/s/ Michael S. Hamlin