IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KIMBERLY A. KOHLER, Administrator Ad Pros of the Estate of MARSADA MAE CONNORS, deceased, and CHRISTINE KURZWEIL, Administrator Ad Pros of the Estate of COLE W. YOUNG, deceased,<br><br>    Plaintiffs,<br><br>vs.<br><br>CRST EXPEDITED, INC., d/b/a CRST THE TRANSPORTATION SOLUTION, INC., CRST INTEGRATED SOLUTIONS, CRST SPECIALIZED SOLUTIONS, CRST DEDICATED SOLUTIONS-EAST, CRST DECICATED SOLUTIONS -WEST, CRST EXPEDITED SOLUTIONS, CRST FLATBED, and BILL LARD,<br><br>    Defendants. | Case No. 21-cv-1359-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motion to Dismiss (Doc. 26). Federal Rule of Civil Procedure 41(a)(1)(A)(ii) allows dismissal of an action by a plaintiff without a court order. However, Rule 41(a) "does not speak of dismissing one claim in a suit; it speaks of dismissing 'an action'—which is to say, the whole case." *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015) (considering Rule 41(a)(2); internal quotations omitted). The proper way to dismiss less than an entire action is to file an amended complaint under Federal Rule of Civil Procedure 15(a) omitting the claims to be dismissed. *Id.*

Here, the plaintiffs do not seek to dismiss an entire action but only their claims against certain defendants. The proper way to do this, as noted in *Taylor*, is to file an amended complaint. Accordingly, the Court **DENIES** the Motion to Dismiss (Doc. 26) and **ORDERS**

that Plaintiffs shall have seven days from the date this order is entered to file an amended complaint omitting their claims against the defendants they seek to dismiss.

**IT IS SO ORDERED.**
**Dated: November 15, 2021**

                                              **/s/ J. Phil Gilbert**
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**