IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KIMBERLY A. KOHLER, Administrator Ad Pros of the Estate of MARSADA MAE CONNORS, deceased, and CHRISTINE KURZWEIL, Administrator Ad Pros of the Estate of COLE W. YOUNG, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>CRST EXPEDITED, INC., d/b/a CRST THE TRANSPORTATION SOLUTION, INC., BILL LARD,<br><br>Defendants. | Case No.  21-cv-1359-JPG |

**MEMORANDUM AND ORDER**

## I.     Introduction

This matter comes before the Court on Plaintiffs' Kimberly A. Kohler, Administrator Ad Pros of the Estate of Marsada Mae Connors, deceased, and Christine Kurzweil, Administrator Ad Pros of the Estate of Cole W. Young, deceased, Motion for Leave to File a Sixth Amended Complaint. (Doc. 91). Plaintiffs wish to add Ronald Grant and Mariah Grant as plaintiffs in this lawsuit. The proposed Sixth Amended Complaint requests to add 24 new counts on behalf of the Grants.

## II.    Procedural Background

This is a wrongful death case that arises out of an accident that occurred on August 20, 2021 on U.S. Interstate 70 in Bear Grove Township, Illinois. On September 10, 2021, Plaintiff Kohler initiated this wrongful death and survival lawsuit arising from the death of Marsada Connors. On September 14, 2021, Plaintiff filed a Second Amended Complaint adding Christine Kurzweil as a plaintiff arising from the death of Cole Young. Plaintiffs have requested third,

1

fourth, and fifth amended complaints. *See* Doc. 29, 57, 63, 74, 92. Such amendments have been conducted to add Plaintiff Connors, fix jurisdictional defects and other defects, add additional allegations, and now add additional plaintiffs. On August 20, 2021, Ronald Grant and Mariah Grant were passengers in their vehicle on Interstate 70 immediately ahead of Cole Young.

### III. Law & Analysis

In general, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "There is a presumption that a plaintiff should have an opportunity to test a claim on the merits," *Lee v. N.E. Ill. Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1052 (7th Cir. 2019), so "the court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2). Although leave to file a amended complaint should be granted liberally, a district court may deny leave for several reasons including: " 'undue delay, bad faith[,] or dilatory motive[,] ... undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.' " *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002) (quoting *Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993)). "Delay, standing alone, may prove an insufficient ground to warrant denial of leave to amend the complaint; rather, 'the degree of prejudice to the opposing party is a significant factor in determining whether the lateness of the request ought to bar filing.' " *Id.* at 613 (quoting *Doherty v. Davy Songer, Inc.*, 195 F.3d 919, 927 (7th Cir. 1999)). The party seeking to amend has the burden of showing that undue prejudice will not result to the non-moving party. *King v. Cooke*, 26 F.3d 720, 724 (7th Cir. 1994).

"Undue delay is most likely to result in undue prejudice" when a combination of factors—"delay in proceedings without explanation, no change in the facts since filing of the original complaint, and new theories that require additional discovery—occur together." *J.P. Morgan Chase Bank, N.A. v. Drywall Serv. & Supply Co.*, 265 F.R.D. 341, 347 (N.D. Ind. 2010).

The Court finds that this request is such a case that will result in undue prejudice for the Defendants. First, this case has been pending for a little more than a year since September 29, 2021 (Doc. 1). Additionally, plaintiffs have requested this Court multiple times to amend its complaint. *See* Docs. 29, 57, 64, 74, 92.

Plaintiffs do not provide the Court an explanation of why the Grants could not have been joined in this action much earlier in this case. The Grants were deposed in this case as fact witnesses and were represented by separate counsel on March 1, 2022. Additionally, Defendants indicate that defense counsel and Ronald Grant were in communication shortly after the accident and after the filing of the complaint. Additionally, the Grants were identified in the Illinois Traffic Crash Report and the Traffic Crash Reconstruction report released shortly after the accident. Such a delay, while insufficient alone, adds a significant degree of prejudice to Defendant. Had Defendant known they would be proposed plaintiffs, time and resources could have been saved. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (holding that district court did not abuse its discretion in denying the plaintiff's motion for leave to amend "late in the game" based on information that was "available long before he sought leave to amend").

The proposed new claims are distinct and will require additional and new damage discovery. Specifically, this case is brought forth under the Illinois' Wrongful Death Act which are different than the personal and emotional distress claims proposed by the Grants. Additionally, while the Grants have already been deposed, they have been deposed as fact witnesses and not as Plaintiffs. Additionally, Defendants will need to depose potential expert witnesses and expert medical testimony – all of which prejudice the Defendant when significant discovery has already been conducted. Here, Plaintiffs allege "severe and permanent injuries", and Defendants indicate that significant written and discovery would be required to investigate these claims. Such delay,

undue prejudice towards the Defendants, and essentially needing to restart investigation the claims of new plaintiffs are such factors that a court considers in utilizing its discretion to deny such amendments. Specifically, a delay in proceedings without explanation, no change in the facts since the original complaint, and new theories of the complaint would cause Defendants undue prejudice here. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792-93 (7th Cir. 2004) (finding witnesses' fading memories and lost documents not enough to deny amendment for undue delay and prejudice).

Significant discovery has been conducted. This is not a case where the parties are solely in the pleading stage. Substantial discovery and contestation around discovery had been conducted and litigated. *Dubicz*, 377 F.3d at 793 n. 1 (finding a denial of motion or leave to be an abuse of discretion where plaintiff had requested amendment during the pleading stage before any discovery had been conducted).

In addition to discovery, new parties would result in duplicative discovery costs, especially where there are different legal theories. "Even though there is no trial date set and the Court deferred the dispositive motion deadline, adding new parties and a new claim to the lawsuit at this point in time would substantially delay the case and unduly prejudice Defendant." *Wilson v. Grundfos*, No. 16-CV-349, 2017 WL 5001472, at *3 (N.D. Ill. Nov. 2, 2017); *see Deschauer v. Talbett*, 2010 WL 3019970, at *4 (N.D. Ill. July 29, 2010) ("Because the Seventh Circuit has determined that addition of a defendant so close to the close of discovery causes undue prejudice to a defendant, Plaintiff's motion for leave to amend to add a party defendant is denied in this regard.").

Additionally, the scheduling and discovery order has been amended multiple times already in this case. *See* Docs. 34, 48, 51, 77, 94. The new scheduling and discovery order, entered after

the motion for leave to file a sixth amended complaint was filed, would be untenable with the addition of new parties.

For all the reasons above, the Court finds that Plaintiffs have not met their burden of showing that undue prejudice will not result to the non-moving party. *King*, 26 F.3d at 724. Exercising the discretion conferred under the standard, the Court believes that Defendants will be unduly prejudiced by adding the Grants and their new claims to this cause.

### IV.     Conclusion

The Court hereby **DENIES** Plaintiffs' Motion for Leave to Amend (Doc. 92) and **FINDS AS MOOT** Plaintiffs' Motion for Leave to Amend (Doc. 91).


**IT IS SO ORDERED.**
**Dated: September 30, 2022**

/s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
