IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KIMBERLY A. KOHLER, Administrator Ad Pros of the Estate of MARSADA MAE CONNORS, deceased, and CHRISTINE KURZWEIL, Administrator Ad Pros of the Estate of COLE W. YOUNG, deceased,<br><br>    Plaintiffs,<br><br>vs.<br><br>CRST EXPEDITED, INC., d/b/a CRST THE TRANSPORTATION SOLUTION, INC., BILL LARD,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.  21-cv-1359-JPG<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

**I.    Introduction**

This matter comes before the Court on multiple pending motions. First, CRST Expedited, Inc. ("CRST") filed a motion to dismiss or strike willful and wanton counts (Doc. 104). Plaintiffs Kimberly Kohler, Administrator Ad Pros of the Estate of Marsada Mae Connors, and Christine Kurzweil, Administrator Ad Pros of the Estate of Cole W. Young (collectively, "Plaintiffs") filed a response (erroneously labeled as a "response in opposition") indicate they do not contest the motion. (Doc. 111). Next, CRST filed a motion for partial summary judgment requesting the Court grant summary judgment in their favor on Counts II, IV, V, VII, VIII, X, XII, XIII, XIV, XV, XVI of Plaintiff's Fifth Amended Complaint. (Doc. 105). Plaintiffs oppose this motion. (Doc. 112). Next, Defendant Bill Lard ("Lard") requests summary judgment entered in his favor regarding Counts II, IV, X, XII of Plaintiff's Fifth Amended Complaint. (Doc. 107). Plaintiffs oppose Lard's motion. (Doc. 114). Next, Lard filed a motion to dismiss or strike willful and wanton counts (Doc. 110). Plaintiffs oppose Lard's motion (Doc. 113).

1

**II.     Background**

This case arises from a collision on I-70 in Bear Grove Township, Illinois on August 20, 2021. On that date a semi-tractor trailer operated by Lard and owned by CRST crossed a 61-foot median and crashed into a Honda Odyssey occupied by Cole W. Young and Marsada Mae Connors ("decedents"). Mr. Young and Ms. Connors were killed as a result of the collision between the Honda Odyssey and 2020 Freightliner Semi-Truck and trailer. Kimberly Kohler, the mother of Ms. Connors, was on the phone with her daughter and Mr. Young during the accident.

On September 29, 2021, defendants removed this case from Cook County, IL to the Northern District of Illinois. In October 2021 CRST and Lard motioned the court to transfer this case to the Southern District of Illinois, which the court granted (Doc. 19). This Court received the assignment of this case.

In Plaintiffs' Fifth Amended Complaint, the operative complaint in this case, Plaintiffs seek damages under 735 ILCS 5/13-209, the Illinois Survival Act ("Survival Act") for personal injuries related to the decedents' deaths. Counts II, IV, VI, and VIII seek recovery under the Survival Act on behalf of Ms. Connors. Counts X, XII, XIV, XVI seek recovery under the Survival Act on behalf of Mr. Young. Kohler asserts Counts V, VI, VII, VIII against CRST for direct claims including negligent hiring, training, supervision, retention, and entrustment. Kurzweil asserts direct claims including negligent hiring, training, supervision, retention, and entrustment against CRST in Counts XIII, XIV, XV, and XVI.

**III.    Analysis**

    **a.  Legal Standard for 12(b)(6) and Summary Judgment**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short

and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937). The plaintiff "must do more in the complaint than simply recite the elements of a claim." *Zellner v. Herrick*, 639 F.3d 371, 378 (7th Cir. 2011). Complaints that offer "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

We "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (internal quotation marks omitted), quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

Regarding a motion for summary judgment under Rule 56, summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Spath v. Hayes Wheels Int'l–Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). If the moving party has demonstrated the absence of a disputed material fact, then the burden shifts to the nonmoving party to "provide evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012).

      b. **CRST's Motion for Partial Summary Judgment**

First, the Court addresses CRST's Motion for Partial Summary Judgment (Doc. 105). CRST first argues that Plaintiffs' claims under the Survival Act fail, because under Illinois law, a plaintiff bringing a survival claim must show that decedent experienced conscious pain and suffering prior to his or her death. *Id*. at 2. CRST argues that Plaintiffs have not adequately established any evidence that decedents experienced conscious pain and suffering following the accident. Plaintiffs respond that they are not opposing CRST's motion regarding direct claims and granting partial summary judgment as to Counts V, VI, VII, VIII, XIII, XIV, XV and XVI. (Doc. 112 at 4). Plaintiffs also do not contest CRST's contention that Illinois law requires a finding of consciousness to claim pain and suffering under the Illinois Survival Act and therefore do not oppose summary judgment as to those counts. "To recover under the Illinois Survival Act, which allows for the recovery of damages suffered prior to death, it must be shown that the decedent consciously experienced pain and suffering." *Est. of Love v. Rassmussen*, No. 115-cv-01207-SLD-JEH, 2018 WL 10613262, at *7 (C.D. Ill. July 18, 2018) (emphasis omitted) (citing *Hensley v. Ed Kimball & Sons, Inc.*, No. 88 C 9558, 1991 WL 5779, at *1 (N.D. Ill. Jan. 16, 1991)).

Plaintiffs, however, do oppose the contention that Illinois law precludes recovery for pre-impact fear and terror in Counts II and X[1] because they believe it is an unsettled area of law in Illinois. CRST argues that the opinion of Plaintiff's expert Peter Salgo, MD is irrelevant because in Illinois, Plaintiffs are not entitled to pre-impact damages. Plaintiffs disagree.

Pre-impact fear refers to mental distress an individual may suffer in the moments after learning an accident will occur. There are a variety of jurisdictions that recognized and have recognized pre-impact fear as a harm. *See e.g. Malacynski v. McDonnell Douglas Corp.*, 565 F. Supp. 105 (S.D.N.Y. 1983); *Green v. Hale*, 590 S.W.2d 231 (Tex. Civ. App. 1979); *Jenkins v. Hennigan*, 298 S.W.2d 905, 911 (Tex. Civ. App. 1957); *Nelson v. Dolan*, 434 N.W.2d 25 (1989). However, courts in Illinois are less flexible in allowing damage awards for emotional distress unless a physical impact causes it. CRST cites two cases of federal courts applying Illinois in its support. *In re Aircrash Disaster near Roselawn*, 926 F. Supp. 736, 742 (N.D. Ill. 1996); *Schweihs v. Chase Home Fin.*, LLC, 77 N.E.3d 50, 59-60 (Ill. 2016).

Plaintiffs cite to no cases in Illinois where a court has allowed recovery on the basis of pre-impact fear. Their contention that it is "unsettled in Illinois" does not adequately reflect the legal landscape in Illinois. A federal court in the Central District of Illinois has found that pre-impact mental distress is not actionable in Illinois and therefore would not be helpful to a trier of fact. *Est. of Love v. Rassmussen*, No. 115-cv-01207SLDJEH, 2018 WL 10613262, at *7. Based on the caselaw in Illinois, Illinois courts have not allowed for recovery for pre-impact fear, and there are decisions in federal court applying Illinois that law that have indicated Illinois precludes such recovery.

---

[1] Because CRST requests this Court grant summary judgment based under the Survival Act in counts II, IV, V, VI, VII, VIII, X, XII, XIII, XIV, XV, XVI, and Plaintiffs only contest counts II and X, the Court assumes Plaintiffs do not oppose summary judgment on the other Survival Act claims.

In *In re Air Crash Disaster Near Chicago*, 507 F. Supp. 21 (N.D. Ill. 1980), a federal court in the Northern District of Illinois illuminates some additional history. Prior to 1974, the Illinois Supreme Court reversed an earlier position and held that in addition to a wrongful death action, an action for conscious pain and suffering, medical expenses, and loss of earnings could be brought under Survival Act. *Murphy v. Martin Oil Co.*, 56 Ill.2d 423, 308 N.E.2d 583 (1974). In *In re Air Crash Disaster Near Chicago*, the Court noted that Illinois courts have limited claims for pain and suffering which are "directly connected with a contemporaneous bodily injury." *In re Air Crash Disaster Near Chicago*, 507 F. Supp. at 23 (internal citations omitted). The Court stated the following:

> Given the Illinois courts' previous refusal to recognize claims for damages based on the plaintiff's fear or apprehension of danger, however, we believe that at present Illinois would not allow the plaintiff to maintain a claim for her [deceased] daughter's alleged fright and terror prior to the crash. For this reason, insofar as the plaintiff seeks damages for conscious mental pain and suffering preceding any physical injury, her claim is stricken.

*Id*. at 24.

Because Plaintiffs do not oppose CRST's motion for summary judgment as to Counts V, VI, VII, VIII, XIII, XIV, XV and XVI, the Court **GRANTS** CRST's motion (Doc. 105) as to those counts and dismisses those counts. Finding Plaintiffs cannot sustain their claim of recovery on direct negligence based on pre-impact fear, the Court **GRANTS** summary judgment as to Counts II and X. Finding Plaintiffs do not address CRST's motion for summary judgment as to Counts IV and XII, the Court **GRANTS** CRST's motion for summary judgment as to Counts IV and XII (Doc. 105).

### c. Lard's Motion for Partial Summary Judgment

Additionally, Lard also moves for summary judgment on Counts II, IV, X, and XII of the Fifth Amended Complaint based on the Survival Act utilizing the same arguments as CRST.

Specifically, Lard argues that under Illinois law, a plaintiff bringing a survival claim must show decedent experienced conscious pain and suffering prior to his or her death. (Doc. 108 at 2). Plaintiffs again do not contest this contention and concede there is no evidence to suggest decedents survived the impact. (Doc. 114).

However, Plaintiffs argue Plaintiffs have viable causes of action for pre-impact fear and terror suffered by decedents against Lard in Counts II, IV, X, and XII of the Fifth Amended Complaint. (Doc. 114). Lard, using the same argument as CRST, argues the retained expert Peter Salgo MD, speculatively opines decedents experienced pre-impact fear and terror prior to the accident. (Doc. 108). The Court has already found that Plaintiffs may not proceed based on recovery of pre-impact fear and terror because such recovery is unlikely to prevail in Illinois based on existing case law. Outside any additional guidance or affirmative finding in Illinois courts, the Court cannot allow these claims based on pre-impact fear to proceed.

Finding that Plaintiffs do not have a viable cause of action for pre-impact fear and terror against Lard in Counts II, IV, X, and XII, the Court **GRANTS** Lard's Motion for Partial Summary Judgment (Doc. 107). The Court grants summary judgment in Lard's favor on Counts II, IV, X, and XII, and those counts are dismissed against Lard.

### d. CRST's Motion to Dismiss or Strike Willful and Wanton Conduct

CRST also filed a motion to dismiss or, in the alternative, Motion to Strike Willful and Wanton counts. Specifically, CRST requested to strike the willful and wanton counts VII, VIII, XVI and to remove allegations against CRST in Counts III, IV, and XII. Plaintiffs, in response, indicate they do not have an objection to this Court granting CRST's motion (Doc. 111). Finding no objection from Plaintiffs, the Court will **GRANT** CRST's motion (Doc. 104). Counts III, IV, VII, VIII, XI, XII, XV, and XVI are **DISMISSED** against CRST.

### e. Lard's Motion to Dismiss or Strike Willful and Wanton Conduct

Next, Lard also filed a Motion to Dismiss or, in the alternative, Motion to Strike Willful and Wanton Counts. (Doc. 110). Unlike CRST's motion, Plaintiffs oppose Lard's motion. (Doc. 113).

Lard argues that in Counts III and IV, where Plaintiff Kohler asserts willful and wanton claims against Lard, and Counts XI and XII, where Plaintiff Kurzweil asserts willful and wanton claims in Count XI and XII against Lard, should be dismissed. Specifically, Lard argues there is no "separate and independent tort" for willful and wanton misconduct. Additionally, while there are some courts in Illinois that allow plaintiffs to plead ordinary negligence and willful and wanton conduct as separate counts in the alternative, those claims must be dismissed when it becomes clear they were not intended as supplemental allegations of negligence. (Doc. 110 at ¶¶ 5-6).

"In order to recover damages based on willful and wanton conduct, a plaintiff must plead and prove the basic elements of a negligence claim—that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach was a proximate cause of the plaintiff's injury." *Jane Doe-3 v. McLean Cty. Unit Dist. No. 5 Bd. of Directors*, 973 N.E.2d 880, 887 (Ill. 2012) (citing *Krywin v. Chicago Transit Auth.*, 938 N.E.2d 440, 446 (Ill. 2010)). "In addition, a plaintiff must allege either a deliberate intention to harm or a conscious disregard for the plaintiff's welfare." *Id*. (citing *Doe ex rel. Ortega-Piron v. Chicago Bd. of Educ.*, 820 N.E.2d 418, 423 (Ill. 2004)). Conscious disregard includes the "failure to take reasonable precautions after 'knowledge of impending danger.' " *Barr v. Cunningham*, 89 N.E.3d 315, 319 (Ill. 2017) (*quoting Lynch v. Bd. of Ed. of Collinsville Cmty. Unit Dist. No. 10*, 412 N.E.2d 447, 457 (Ill. 1980)); *see also Burke v. 12 Rothschild's Liquor Mart, Inc.*, 593 N.E.2d 522, 531 (Ill. 1992) (noting that willful and wanton conduct "requires a conscious choice of a course of action, either with knowledge of the

serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man").

> 76. At the time and place aforesaid, Defendant CRST EXPEDITED, INC., by and through its agent and employee, Defendant, BILL LARD, exhibited a conscious disregard or utter indifference for the safety of others and was guilty of willful and wanton conduct in one or more of the following respects:
>
> a. Consciously disregarded public safety by causing the Freightliner Semi Truck to cross the center median on Interstate 70 in violation of 625 ILCS 5/11-701;
>
> b. Consciously disregarded public safety by causing the Freightliner Semi Truck to travel westbound in the eastbound lanes of travel of I – 70 in violation of 625 ILCS 5/11-709; and
>
> c. Consciously disregarded public safety by falling asleep while operating the Freightliner Semi Truck in violation of CFR 392.2.

(See Plaintiffs' Fifth Amended Complaint, Doc. 81, ¶¶ 76, 102, 276 and 303).

The question before the Court is, therefore, have Plaintiffs sufficiently pled conduct which constitutes willful and wanton conduct? *Hewitt v. Schneider Nat. Carriers, Inc.*, 2010 WL 415385, at *2 (S.D. Ill. Feb. 1, 2010); *see also Lewis v. Hirschbach Motor Lines, Inc.*, 2022 WL 672460, at *4 (S.D. Ill. Mar. 7, 2022). Plaintiffs argue that falling asleep at the wheel of a semi-tractor trailer amounts to "heightened level of aggravated negligence and would constitute a conscious disregard for others on the roadway."[2] (Doc 113 at 8). Lard argues that subparts a and b allege negligent conduct and not willful and wanton conduct. The Court agrees. The Court now looks at subpart c.

Does falling asleep at the wheel in the way Plaintiff alleges in the Fifth Amended Complaint adequately *allege* willful and wanton conduct? Both parties present evidence and

---

[2] Plaintiffs cite *Krywin v. Chicago Transit Auth.*, 238 Ill. 2d 215, 236, 938 N.E.2d 440, 452 (2010) to support their proposition. This case involves a plaintiff who slipped on snow and water on a train platform. The trial court found a directed verdict plaintiff on the issue of willful and wanton conduct finding the train had no duty to remove natural accumulations of ice or snow from the platform. *Id*. This case is inapplicable to the case at hand.

testimony of Lard and Plaintiffs' expert. However, in Lard's motion to dismiss, he refers to an incorrect standard wherein he states "[g]iven the lack of evidence supportive of willful and wanton claims…Counts…should be dismissed or stricken." (Doc. 110 at ¶ 13). A motion to dismiss under 12(b)(6) looks at the sufficiency of the complaint and not sufficiency of the evidence. When such material is presented in connection with a Rule 12(b)(6) motion to dismiss, the Court may convert the motion to dismiss into a motion for summary judgment or it may exclude the additional material from consideration. *U.S. ex rel. Humphrey v. Franklin-Williamson Hum. Servs., Inc.*, 189 F. Supp. 2d 862, 864 (S.D. Ill. 2002) ("In this case, the Court declines to consider the additional materials and will consider this motion as it was captioned, under Rule 12(b)(6)."). While a Court may consider extrinsic evidence in a motion to dismiss when documents attached to a motion to dismiss are considered party of the pleadings, deposition and expert testimony do not qualify under that exception. *188 LLC v. Trinity Industries, Inc.*, 300 F.3d 730, 735 (7th Cir. 2002). Therefore, the Court will not consider Lard's testimony (Doc. 110 at ¶ 12), or Plaintiffs' evidence of Darin Sargent's deposition testimony, Ronald Wayne Gant Jr.'s deposition testimony, Trooper Gerald Bemis' deposition testimony, and Lard's deposition testimony. (Doc. 113 at 9-10).

Therefore, looking at the complaint itself, the Court finds subpart c, as alleged that Lard "[c]onsciously disregarded public safety by falling asleep while operating the Freightliner Semi Truck in violation of CFR 392.2" is not sufficient to sustain a claim of willful and wanton conduct. The Court does not consider the evidence provided other than what is alleged and must provide all reasonable inferences in favor of Plaintiffs. However, willful and wanton conduct requires "deliberate intention to harm" or a "conscious disregard for the plaintiff's welfare." Additionally, it requires action with knowledge of the serious danger or knowledge of facts which would disclose this danger to any reasonable man. Plaintiffs' allegation that Lard simply fell asleep at the wheel

fails to constitute willful and wanton conduct. While the Court agrees that falling asleep is dangerous and can lead to substantial injury on the road, willful and wanton conduct requires intention to harm and a conscious disregard to a plaintiff's welfare. *Cf Williams v. Schram*, No. 06-cv-00557-DRH, 2008 WL 2788758, at *3 (S.D. Ill. July 16, 2008) (finding at summary judgment a reasonable jury could infer defendant falsified driving log after being on duty for 17 hours to circumvent regulations to prevent drivers from driving in state of fatigue by falling asleep). An allegation of falling asleep, without more in the complaint, is not enough to sustain willful and wanton conduct for a Rule 12(b)(6) motion.

   Because Plaintiffs' Fifth Amended Complaint inadequately alleges willful and wanton conduct, the Court will grant Lard's motion to dismiss (Doc. 110).

IV.     Conclusion

- Because Plaintiffs do not oppose CRST's motion for summary judgment as to Counts V, VI, VII, VIII, XIII, XIV, XV and XVI, the Court GRANTS CRST's motion (Doc. 105) as to those counts and dismisses those counts. Finding Plaintiffs cannot sustain their claim of recovery based on pre-impact fear, grants summary judgment as to Counts II and X. Finding Plaintiffs do not address CRST's motion for summary judgment as to Counts IV and XII, the Court GRANTS CRST's motion for summary judgment as to Counts IV and XII (Doc. 105).

- Finding that Plaintiffs cannot sustain their claim of recovery based on pre-impact fear, the Court, GRANTS Lard's Motion for Partial Summary Judgment as to Counts II, IV, X, XII (Doc. 107). Those counts are dismissed against Lard.

- Plaintiffs indicating no objection to CRST's motion, the Court will GRANT CRST's motion (Doc. 104). Counts III, IV, VII, VIII, XI, XII, XV, and XVI are dismissed against CRST. Specifically, the Court DISMISSES willful and wanton counts VII, VIII, XV, and XVI. The Court dismisses allegations against CRST in Counts III, IV, XI, and XII.

- Finding that Plaintiffs fail to state a claim for willful and wanton conduct, GRANTS Lard's Motion to Dismiss. (Doc. 110). Counts III, IV, XI, and XII are dismissed against Lard.

**IT IS SO ORDERED.**
**Dated: May 22, 2023**

/s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**